IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **HARTFORD FIRE INSURANCE COMPANY** | * | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | | |
| | * | Civil Action No.: 1:22-cv-02111-CJN |
| **WESTFIELD INSURANCE COMPANY,** *et al.* | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT WESTFIELD INSURANCE COMPANY'S MOTION TO DISMISS

Westfield Insurance Company ("Westfield"), Defendant, by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure, in particular, Rule 12(b)(6), as supplemented by this Court's Local Rules and the Court's Standing Order (ECF 5), respectfully moves to dismiss the complaint (ECF 1) filed by Plaintiff Hartford Fire Insurance Company ("Hartford") for failure to state a claim upon which relief can be granted, and as reasons therefor, states:

1. The Complaint avers that there was an underlying construction project between Gallaudet University ("Gallaudet") and the Hartford insured James G. Davis Construction Corporation ("Davis").  ECF 1, ¶10.

2. The Complaint avers that Davis subcontracted some portion of the work involved in that construction project to at least four different entities (each performing different work and insured by different insurers).  ECF 1, *passim*.

3. The Complaint avers that Davis subcontracted a portion of the construction project work "for the provision of services related to earthwork and site utilities" to the

1

Westfield insured Total Civil Construction and Engineering ("Total Civil"). ECF 1, ¶ 18.

4. The Complaint does not aver what the actual work performed by Total Civil might have been or how it was performed.

5. The Complaint does not aver why the work performed by Total Civil might have been unsatisfactory or negligent.

6. The Complaint does not aver when the work performed by Total Civil was done.

7. The Complaint does not aver when any defect or issue with the work performed by Total Civil became known or otherwise manifested or occurred. It does not aver whether the defect or issues arose within or before "completed operations."

8. The Complaint seek indemnification from Westfield prematurely given that the underlying action it describes concededly has not been adjudicated. *See* ECF 1, ¶15.

9. The Complaint avers that it tendered the defense of Davis to Westfield (ECF. 1, ¶66) but does not state when that tender was made. It was, if fact, made by letter dated April 15, 2021, after the underlying action had been brought by Gallaudet against Davis and after the joint motion to stay in favor of arbitration was granted in that underlying action. *See* Exhibit to the Memorandum of Points & Authorities in support of this Motion.

10. The Complaint avers that before the underlying action was brought, Davis and Gallaudet entered into voluntary "settlement" negotiations. ECF 1, ¶11.

11. The Complaint avers Davis voluntarily entered into a "Partial Settlement Agreement" with Gallaudet. *Id.*

12. Davis entered into that "Partial Settlement Agreement" without the knowledge and participation of Westfield.

13. Davis entered into that "Partial Settlement Agreement" without the consent of Westfield.

14. The terms and conditions of all the insurance policies Westfield issued to its insured Total Civil include the following:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

. . .

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
. . .
    **d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

Exhibit 3 to the Memorandum of Points & Authorities in support of this Motion, Commercial General Liability Coverage Form, ISO CG 00 01 (April 2013) at Sec. IV, 2.d.

15. Davis had no obligation nor duty to submit to the instant arbitration with Gallaudet that does not arise out of its "Partial Settlement Agreement" with Gallaudet.

16. The Complaint avers that the underlying action was brought by GU seeking

　　an order for specific performance compelling Davis to arbitrate claims arising under the Partial Settlement Agreement and estopping Davis from disputing the validity of the Partial Settlement Agreement and, alternatively, asserts claims against Davis for breach of contract, negligence, and fraud.

　　ECF 1, ¶12.

17. The Complaint also avers:

After the Underlying Action was removed to federal court, Gallaudet and Davis filed a Joint Motion to Stay Proceedings Pending Arbitration, citing both parties' agreement to arbitrate their disputes.

ECF 1, ¶13.

18. The Complaint further avers:

On March 8, 2021, the District Court granted the Joint Motion, staying the Underlying Action pending completion of arbitration.

ECF 1, ¶14.

19. The policies issued by Westfield do not include arbitration as a "suit" to which Westfield must provide a defense under the circumstances at bar. Those policies define "suit":

**"Suit"** means a civil proceeding in which damages because of … "property damage" … to which this insurance applies are alleged. "Suit" includes:
   a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

Exhibit 3 to the Memorandum of Points & Authorities in support of this Motion, at Definition 18.

20. The insurance provided by Westfield does not apply to actions for specific performance, such are not suits for damages in which there has been "property damage" claimed.

21. The insurance provided by Westfield does not provide coverage for "breach of contract" or "fraud" actions as such claims are specifically excluded from coverage.

22. The insurance provided by Westfield to Davis as a potential "additional insured by contract" only applies if the "property damage" results from or arises out of the work of the named insured Total Civil.

23. The Complaint does not allege, let alone present facts, that "property damage," if any, results from or arises out of any specific work of or on behalf of Total Civil on the underlying project under contract to Davis. As such, no additional insured status is afforded to Davis under the insurance provided by Westfield to Total Civil.

24. In sum, the Complaint fails to aver facts which state a plausible claim upon which relief can granted and the facts it does allege demonstrate as a matter of law that no claim upon which relief can be granted has been stated.

25. Westfield incorporates the attached Memorandum of Points and Authorities which is being filed with this Motion and respectfully prays it be read as part hereof.

WHEREFORE, Defendant Westfield Insurance Company respectfully moves that this Honorable Court grant this motion and dismiss the Complaint brought by Plaintiff Hartford Fire Insurance Company as it may pertain to Westfield and for such other and further relief as the Court may deem appropriate.

Date: September 12, 2022          Respectfully submitted,

　　　　　　　　　　　　　　　　　  /s/ *Miranda D. Russell*　　　　
　　　　　　　　　　　　　　　　Miranda D. Russell (Bar No. 230084)
　　　　　　　　　　　　　　　　  /s/ *David A. Skomba*　　　　
　　　　　　　　　　　　　　　　David A. Skomba (*Pro Hac Vice Admission to be requested*)
　　　　　　　　　　　　　　　　FRANKLIN & PROKOPIK, P.C.
　　　　　　　　　　　　　　　　2 N. Charles Street, Suite 600
　　　　　　　　　　　　　　　　Baltimore, MD 21201
　　　　　　　　　　　　　　　　(410) 230-3616 telephone
　　　　　　　　　　　　　　　　(410) 752-6868 facsimile
　　　　　　　　　　　　　　　　dskomba@fandpnet.com
　　　　　　　　　　　　　　　　mdrussell@fandpnet.com
　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　*Westfield Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of September, 2022, a copy of the foregoing Motion to Dismiss, Memorandum of Points and Authorities and proposed Order was served via the Court's ECF system upon all counsel of record, including:

Lauri E. Cleary, Esq.
Ashley A. Norton, Esq.
LERCH, EARLY & BREWER, CHARTERED
7600 Wisconsin Avenue, Suite 700
Bethesda, Maryland 20814
*Counsel for Plaintiff*

Laura Anne Foggan, Esq.
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
*Counsel for Ohio Security Insurance Company*

Karen Ventrell, Esq.
CNA Coverage Litigation Group
2020 K. Street N.W.
Suite 750
Washington, DC 20006
*Counsel for Continental Casualty Company*

John B. Mumford , Jr., Esq.
HANCOCK, DANIEL, & JOHNSON, P.C.
4701 Cox Road
Suite 400
Glen Allen, VA 23060
*Counsel for Erie Insurance Exchange*

                                          /s/ *Miranda D. Russell*
                                          Miranda D. Russell (Bar No. 230084)