UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br>One Hartford Plaza<br>Hartford, Connecticut 06155,<br><br>    *Plaintiff*,<br><br>v.<br><br>WESTFIELD INSURANCE COMPANY,<br>One Park Drive<br>PO Box 5001<br>Westfield Center, Ohio 44251,<br><br>OHIO SECURITY INSURANCE, COMPANY,<br>175 Berkeley Street<br>Boston, Massachusetts 02116,<br><br>ERIE INSURANCE EXCHANGE,<br>100 Erie Insurance Place<br>Erie, Pennsylvania 16530,<br><br>and<br><br>VALLEY FORGE INSURANCE COMPANY,<br>151 N Franklin Street<br>Chicago, Illinois 60604,<br><br>    *Defendants*. | Civil Action No. 1:22-cv-02111 |

## **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Hartford Fire Insurance Company ("Hartford"), through undersigned counsel,

for its Complaint against Defendants Westfield Insurance Company ("Westfield"), Ohio Security

Insurance Company ("Ohio"), Erie Insurance Exchange ("Erie"), and Valley Forge Insurance

Company ("Valley Forge") (collectively "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory relief, pursuant 28 U.S.C. § 2201, in which Hartford seeks a judgment declaring the respective contractual rights, duties, and obligations of Hartford and Defendants in connection with the defense and indemnification of James G. Davis Construction Corporation ("Davis") in an underlying construction defect lawsuit captioned *Gallaudet University v. James G. Davis Construction Corporation* filed in the Superior Court of the District of Columbia, Civil Division, on or around December 30, 2020, which was removed to the United States District Court for the District of Columbia on or around January 26, 2021 (Case No. 1:21-cv-00236) (the "Underlying Action"), as well as a binding arbitration in which both parties have since agreed to participate to resolve their disputes (the "Underlying Arbitration").

2.      Hartford also seeks reimbursement from Defendants for all costs and sums that Hartford has incurred and may continue to incur to defend Davis with respect to the claims asserted against Davis in the Underlying Action and the Underlying Arbitration.

**THE PARTIES**

3.      Plaintiff Hartford is a foreign corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4.      Upon information and belief, defendant Westfield is a foreign corporation organized under the laws of the State of Ohio, with its principal place of business in Westfield Center, Ohio.

5.      Upon information and belief, defendant Ohio is a foreign corporation organized under the laws of the State of New Hampshire, with its principal place of business in Boston, Massachusetts.

6.      Upon information and belief, defendant Erie is a foreign, unincorporated, reciprocal insurance exchange organized under the laws of the State of Pennsylvania, with members located in various jurisdictions, excluding the State of Connecticut.

7.      Upon information and belief, defendant Valley Forge is a foreign corporation organized under the laws of the State of Pennsylvania, with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction based on diversity of citizenship, pursuant to 29 U.S.C. § 1332, because Hartford and Defendants do not share common state citizenship or principal place of business, or location of membership in the case of defendant Erie, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

9.      Venue properly lies in this District, pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

10.      This matter arises from the Underlying Action, in which Gallaudet University ("Gallaudet"), a public university primarily serving deaf and hard-of-hearing students, alleges various construction defect claims against Davis, the general contractor that Gallaudet hired in connection with the construction of a residence hall facility for high school students enrolled at Gallaudet (the "Project").

11.      Gallaudet alleges that before the close of the Project, it discovered certain latent, non-conforming and defective conditions and thereafter participated in negotiations with Davis to address those conditions, culminating in a Partial Settlement Agreement dated January 31, 2018, which addressed certain deficiencies but provided that if not satisfactorily addressed, the

principals of Davis and Gallaudet would meet to discuss a resolution and, if unsuccessful, submit the issue to binding arbitration.

12.     Thus, Gallaudet seeks an order for specific performance compelling Davis to arbitrate claims arising under the Partial Settlement Agreement and estopping Davis from disputing the validity of the Partial Settlement Agreement and, alternatively, asserts claims against Davis for breach of contract, negligence, and fraud.

13.     After the Underlying Action was removed to federal court, Gallaudet and Davis filed a Joint Motion to Stay Proceedings Pending Arbitration, citing both parties' agreement to arbitrate their disputes.

14.     On March 8, 2021, the District Court granted the Joint Motion, staying the Underlying Action pending completion of arbitration.

15.     Upon information and belief, Gallaudet and Davis have commenced and continued to participate in the Underlying Arbitration, which has not yet been completed.

**A.     The Hartford Policies**

16.     Hartford issued to Davis commercial general liability policy number 30CSEQU2411 for the periods April 1, 2015 to April 1, 2016; April 1, 2016 to April 1, 2017; April 1, 2017 to April 1, 2018; April 1, 2018 to April 1, 2019; April 1, 2019 to April 1, 2020; and April 1, 2020 to April 1, 2021 (the "Hartford Policies").

17.     Each of the Hartford Policies contain an other insurance provision providing that the commercial general liability coverage afforded to Davis under each of the Hartford Policies is excess to any other insurance policy under which Davis has been added as an additional insured and which cover liability for damages arising out of the premises or operations, or products and completed operations, for which Davis has been added as an additional insured.

**B.**     **The Westfield Policies**

18.     In connection with the Project, Davis and Total Civil Construction & Engineering ("Total Civil") entered into a subcontract on or around September 1, 2015 for the provision of services related to earthwork and site utilities (the "Total Civil Subcontract").

19.     Pursuant to the Total Civil Subcontract, Total Civil agreed to indemnify and hold Davis harmless from any and all claims and liabilities for property damage arising out of or resulting from or in connection with the execution of the work performed under the Total Civil Subcontract, whether or not caused in part by the active or passive negligence or other fault of a party indemnified thereunder.

20.     Pursuant to the Total Civil Subcontract, Total Civil agreed to obtain comprehensive general liability insurance and name Davis as an additional insured under such policies, with such coverage being primary and non-contributory to any insurance of the insured.

21.     Upon information and belief, Westfield issued to Total Civil commercial general liability policy number CMM3390594 for the period December 15, 2014 to December 15, 2015 and commercial general liability policy number TRA3390594 for the periods December 15, 2015 to December 15, 2016; December 15, 2016 to December 15, 2017; and December 15, 2017 to December 15, 2018 (the "Westfield Policies").

22.     Upon information and belief, the Westfield Policies include a provision adding Davis as an additional insured for liability for property damage caused, in whole or in part, by Total Civil's acts or omissions or the acts or omissions of those acting on behalf of Total Civil in performing operations for Davis.

23. Thus, based on the provisions of the Westfield Policies and the terms of the Total Civil Subcontract, Davis is an additional insured under the Westfield Policies with respect to the claims asserted against it in the Underlying Action and the Underlying Arbitration.

24. Upon information and belief, the additional insured coverage afforded to Davis under the Westfield Policies in connection with the Underlying Action and the Underlying Arbitration is primary and non-contributory in relation to any coverage that might be available to Davis under the Hartford Policies.

25. Thus, Westfield is obligated to defend and indemnify Davis in the Underlying Action and the Underlying Arbitration.

26. Westfield has not agreed to defend or indemnify Davis in either the Underlying Action or the Underlying Arbitration.

27. As a result of Westfield's failure to honor and fulfill its obligation in assuming the defense of Davis in the Underlying Action and the Underlying Arbitration, Hartford has been required to undertake the defense of Davis in the Underlying Action and the Underlying Arbitration.

**C.**     **The Ohio Policies**

28. In connection with the Project, Davis and Integrated Contracting LLC ("Integrated") entered into a subcontract on or around October 26, 2015 for the provision of services related to HVAC and plumbing (the "Integrated Subcontract").

29. Pursuant to the Integrated Subcontract, Integrated agreed to indemnify and hold harmless Davis from any and all claims and liabilities for property damage arising out of or resulting from or in connection with the execution of the work performed under the Integrated

Subcontract, whether or not caused in part by the active or passive negligence or other fault of a party indemnified thereunder.

30.     Pursuant to the Integrated Subcontract, Integrated agreed to obtain comprehensive general liability insurance and name Davis as an additional insured under such policies, with such coverage being primary and non-contributory to any insurance of the insured.

31.     Upon information and belief, Ohio issued to Integrated commercial general liability policy BKS56893536 for the periods September 4, 2015 to September 4, 2016 and September 4, 2016 to September 4, 2017; commercial general liability policy BKS58135717 for the periods September 4, 2017 to September 4, 2018 and September 4, 2018 to September 4, 2019; and commercial general liability policy BKS58242302 for the period September 28, 2019 to September 28, 2020 (the "Ohio Policies").

32.     Upon information and belief, the Ohio Polices contain an endorsement titled BLANKET ADDITIONAL INSURED, CONTRACTORS – PRODUCTS/COMPLETED OPERATIONS, which extends coverage to any organization with whom Integrated has agreed to add as an additional insured in a written contract or written agreement, with respect to liability for property damage (i) caused by Integrated's work performed for that additional insured that is the subject of the written agreement and (ii) included in the products-completed operations hazard.

33.     Upon information and belief, the Ohio Policies also contain an endorsement numbered CG 88 10 04 13, which extends coverage to any organization whom Integrated has agreed to add as an additional insured in a written contract or written agreement, with respect to liability for property damage caused in whole or in part by, among other things, Integrated's acts or omissions or the acts or omissions of those acting on behalf of Integrated in the performance

of Integrated's operations for the additional insured that the subject of the written contract or written agreement, provided that the property damage occurs after the signing of the written contract or written agreement.

34.     Thus, based on the provisions of the Ohio Policies and the terms of the Integrated Subcontract, Davis is an additional insured under the Ohio Policies with respect to the claims asserted against it in the Underlying Action and the Underlying Arbitration.

35.     Upon information and belief, the additional insured coverage afforded to Davis under the Ohio Policies in connection with the Underlying Action and the Underlying Arbitration is primary to any coverage that might be available to Davis under the Hartford Policies.

36.     Thus, Ohio is obligated to defend and indemnify Davis in the Underlying Action and the Underlying Arbitration.

37.     Ohio has not agreed to defend or indemnify Davis in either the Underlying Action or the Underlying Arbitration.

38.     As a result of Ohio's failure to honor and fulfill its obligation in assuming the defense of Davis in the Underlying Action and the Underlying Arbitration, Hartford has been required to undertake the defense of Davis in the Underlying Action and the Underlying Arbitration.

**D.     The Erie Policies**

39.     In connection with the Project, Davis and Custom Glass Services, Inc. ("Custom Glass") entered into a subcontract on or around September 2, 2015 for the provision of services related to curtainwall, storefront, windows, wood, and metal panels (the "Custom Glass Subcontract").

40.     Pursuant to the Custom Glass Subcontract, Custom Glass agreed to indemnify and hold harmless Davis from any and all claims and liabilities for property damage arising out of or resulting from or in connection with the execution of the work performed under the Custom Glass Subcontract, except to the extent caused by the sole or gross negligence of a party indemnified hereunder.

41.     Pursuant to the Custom Glass Subcontract, Custom Glass agreed to obtain comprehensive general liability insurance and name Davis as an additional insured under such policies, with such coverage being primary and non-contributory to any insurance of the insured.

42.     Upon information and belief, Erie issued to Custom Glass the following policies of insurance: commercial general liability policy Q420750785 for the periods June 7, 2015 to June 7, 2016; June 7, 2016 to June 7, 2017; 7, 2017 to June 7, 2018; June 7, 2018 to June 7, 2019; June 7, 2019 to June 7, 2020; and June 7, 2020 to June 7, 2021 (the "Erie Policies").

43.     Upon information and belief, the Erie Policies contain an endorsement titled ADDITIONAL INSURED – OWNERS, LESSEES, OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU, which extends additional insured coverage to an organization to whom Custom Glass is performing operations when that organization and Custom Glass have agreed in a written contract or agreement that that organization is to be added as an additional insured under Custom Glass's insurance policy, with respect to liability for property damage caused in whole or in part by Custom Glass's acts or omissions or the acts or omissions of those acting on behalf of Custom Glass in performing operations for that organization.

44.     Upon information and belief, the Erie Policies also contain an endorsement adding Davis as an additional insured in connection with the completed operations at "17181-

9

GALLAUDET MSSD Dorm, 800 Florida Ave NE, Washington DC 2002 Contract ID: 17181-009."

45.     Thus, based on the provisions of the Erie Policies and the terms of the Custom Glass Subcontract, Davis is an additional insured under the Erie Policies with respect to the claims asserted against it in the Underlying Action and the Underlying Arbitration.

46.     Upon information and belief, the additional insured coverage afforded to Davis under the Erie Policies in connection with the Underlying Action and the Underlying Arbitration is primary to any coverage that might be available to Davis under the Hartford Policies.

47.     Thus, Erie is obligated to defend and indemnify Davis in the Underlying Action and the Underlying Arbitration.

48.     Erie has not agreed to defend or indemnify Davis in either the Underlying Action or the Underlying Arbitration.

49.     As a result of Erie's failure to honor and fulfill its obligation in assuming the defense of Davis in the Underlying Action and the Underlying Arbitration, Hartford has been required to undertake the defense of Davis in the Underlying Action and the Underlying Arbitration.

**E.     The Valley Forge Policies**

50.     In connection with the Project, Davis and Hardesty Concrete Construction, Inc. ("Hardesty") entered into a subcontract on or around September 2, 2015 for the provision of services related to foundation, concrete, and masonry work (the "Hardesty Subcontract").

51.     Pursuant to the Hardesty Subcontract, Hardesty agreed to indemnify and hold harmless Davis from any and all claims and liabilities for property damage arising out of or resulting from or in connection with the execution of the work performed under the Hardesty

Subcontract, whether or not caused in part by the active or passive negligence or other fault of a party indemnified thereunder.

52.     Pursuant to the Hardesty Subcontract, Hardesty agreed to obtain comprehensive general liability insurance and name Davis as an additional insured under such policies, with such coverage being primary and non-contributory to any insurance of the insured.

53.     Upon information and belief, Valley Forge issued to Hardesty commercial general liability policy 5099512058 for the periods January 1, 2015 to January 1, 2016; January 1, 2016 to January 1, 2017; and January 1, 2017 to January 1, 2018 (the "Valley Forge Policies").

54.     Upon information and belief, the Valley Forge Policies contain an endorsement titled Additional Insured – Owners, Lessees or Contractors – Completed Operations Endorsement, which extends additional insured coverage to Davis for products/completed operations liability for property damage caused, in whole or in part, by Hardesty's work performed for Davis and included in the products-completed operations hazard.

55.     Thus, based on the provisions of the Valley Forge Policies and the terms of the Hardesty Subcontract, Davis is an additional insured under the Valley Forge Policies with respect to the claims asserted against it in the Underlying Action and the Underlying Arbitration.

56.     Upon information and belief, the additional insured coverage afforded to Davis under the Valley Forge Policies in connection with the Underlying Action and the Underlying Arbitration is primary to any coverage that might be available to Davis under the Hartford Policies.

57.     Thus, Valley Forge is obligated to defend and indemnify Davis in the Underlying Action and the Underlying Arbitration.

11

58.     Valley Forge has not agreed to defend or indemnify Davis in either the Underlying Action or the Underlying Arbitration.

59.     As a result of Valley Forge's failure to honor and fulfill its obligation in assuming the defense of Davis in the Underlying Action and the Underlying Arbitration, Hartford has been required to undertake the defense of Davis in the Underlying Action and the Underlying Arbitration.

### FIRST CAUSE OF ACTION
### (Against Westfield)

60.     Hartford incorporates by reference and repeats and realleges the allegations contained in Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.     Hartford seeks a declaratory judgment to resolve the parties' dispute concerning the insurance coverage available to Davis under the Westfield Policies in connection with the Underlying Action and the Underlying Arbitration.

62.     The Westfield Policies afford additional insured coverage to Davis for any liability for property damage caused, in whole or in part, by Total Civil's acts or omissions or the acts or omissions of those acting on behalf of Total Civil in performing operations for Davis.

63.     The Westfield Policies afford primary and non-contributory additional insured coverage to Davis pursuant to the terms and provisions of the Total Civil Subcontract.

64.     The additional insured coverage afforded to Davis under the Westfield Policies is primary to any insurance coverage that otherwise might be available to Davis under the Hartford Policies.

65.     Davis is entitled to defense and indemnification from Westfield in the Underlying Action and the Underlying Arbitration.

66.     Hartford tendered the defense and indemnification of Davis in the Underlying Action to Westfield.

67.     Westfield has not agreed to defend or indemnify Davis in the Underlying Action or the Underlying Arbitration.

68.     As a result of Westfield's breach of its policy obligations, Hartford has been defending Davis in the Underlying Action and the Underlying Arbitration and expending sums in the furtherance of such defense.

69.     Thus, an actual case or controversy exists between Hartford and Westfield concerning Westfield's duty to defend and indemnify Davis as an additional insured under the Westfield Policies in connection with the Underlying Action and the Underlying Arbitration.

70.     The issuance of declaratory relief by this Court will terminate this existing controversy between the parties.

71.     By reason of the foregoing, Hartford is entitled to a judgment declaring that (i) Davis is an additional insured under the Westfield Policies with respect to the Underlying Action and the Underlying Arbitration, (ii) Westfield is obligated to defend Davis in the Underlying Action and the Underlying Arbitration, (iii) Westfield is obligated to indemnify Davis in the Underlying Action and the Underlying Arbitration for any liability for property damage caused, in whole or in part, by Total Civil's acts or omissions or the acts or omissions of those acting on behalf of Total Civil in performing operations for Davis, and (iv) the Westfield Policies afford primary additional insured coverage to Davis in connection with the Underlying Action and the Underlying Arbitration and that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Westfield Policies.

WHEREFORE, Hartford Fire Insurance Company respectfully requests that this Court enter its Order granting judgment in its favor and against Westfield Insurance Company as follows:

     a.   Declaring that Davis is an additional insured under the Westfield Policies with respect to the Underlying Action and the Underlying Arbitration; and

     b.   Declaring that the Westfield Policies afford primary and non-contributory additional insured coverage to Davis in connection with the Underlying Action and the Underlying Arbitration; and

     c.   Declaring that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Westfield Policies; and

     d.   Declaring that Westfield is obligated to

        i.   defend Davis in the Underlying Action and the Underlying Arbitration; and

        ii.   indemnify Davis in the Underlying Action and the Underlying Arbitration for any liability for property damage caused, in whole or in part, by Total Civil's acts or omissions or the acts or omissions of those acting on behalf of Total Civil in performing operations for Davis; and

     e.   Granting such other and further relief as this Honorable Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(Against Westfield)**

72.    Hartford incorporates by reference and repeats and realleges the allegations contained in Paragraphs 1 through 71 of the Complaint as if fully set forth herein.

73.     Hartford seeks to recover from Westfield all costs that Hartford has incurred and may continue to incur in connection with its defense of Davis in the Underlying Action and the Underlying Arbitration.

74.     Westfield has wrongfully failed to honor and fulfill its obligation to defend Davis in the Underlying Action and the Underlying Arbitration and has failed and/or refused to contribute, reimburse and/or indemnify Hartford for amounts paid or to be paid by Hartford in connection with the defense of Davis in the Underlying Action and the Underlying Arbitration.

75.     As a result of the foregoing, Hartford has been damaged and is entitled to judgment against Westfield for all defense costs incurred by Hartford on behalf of Davis in connection with the Underlying Action and the Underlying Arbitration.

WHEREFORE, Hartford Fire Insurance Company respectfully requests that this Court enter its Order granting judgment in its favor and against Defendant Westfield Insurance Company, as follows:

     a.  Declaring that Davis is an additional insured under the Westfield Policies with respect to the Underlying Action and the Underlying Arbitration; and

     b.  Declaring that the Westfield Policies afford primary and non-contributory additional insured coverage to Davis in connection with the Underlying Action and the Underlying Arbitration; and

     c.  Declaring that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Westfield Policies; and

     d.  Declaring that Westfield is obligated to  contribute, reimburse and/or indemnify Hartford for amounts paid or to be paid by Hartford in connection with the defense of Davis in the Underlying Action and the Underlying Arbitration; and

e.   Granting such other and further relief as this Honorable Court deems just and proper.

**THIRD CAUSE OF ACTION**
**(Against Ohio)**

76.   Hartford incorporates by reference and repeats and realleges the allegations contained in Paragraphs 1 through 75 of the Complaint as if fully set forth herein.

77.   Hartford seeks a declaratory judgment to resolve the parties' dispute concerning the insurance coverage available to Davis under the Ohio Policies in connection with the Underlying Action and the Underlying Arbitration.

78.   The Ohio Policies afford additional insured coverage to Davis for liability for property damage caused, in whole or in part, by Integrated's acts or omissions or the acts or omissions of those acting on behalf of Integrated in the performance of Integrated's operations for Davis under the Integrated Subcontract.

79.   The Ohio Policies afford primary and non-contributory additional insured coverage to Davis pursuant to the terms and provisions of the Integrated Subcontract.

80.   The additional insured coverage afforded to Davis under the Ohio Policies is primary to any insurance coverage that otherwise might be available to Davis under the Hartford Policies.

81.   Davis is entitled to defense and indemnification from Ohio in connection with the Underlying Action and the Underlying Arbitration.

82.   Hartford tendered the defense and indemnification of Davis in the Underlying Action to Ohio.

83.   Ohio has not agreed to defend or indemnify Davis in the Underlying Action or the Underlying Arbitration.

16

84.     As a result of Ohio's breach of its policy obligations, Hartford has been defending Davis in the Underlying Action and the Underlying Arbitration and expending sums in the furtherance of such defense.

85.     Thus, an actual case or controversy exists between Hartford and Ohio concerning Ohio's duty to defend and indemnify Davis as an additional insured under the Ohio Policies in connection with the Underlying Action and the Underlying Arbitration.

86.     The issuance of declaratory relief by this Court will terminate this existing controversy between the parties.

87.     By reason of the foregoing, Hartford is entitled to a judgment declaring that (i) Davis is an additional insured under the Ohio Policies with respect to the Underlying Action and the Underlying Arbitration, (ii) Ohio is obligated to defend Davis in the Underlying Action and the Underlying Arbitration, (iii) Ohio is obligated to indemnify Davis in the Underlying Action and the Underlying Arbitration for liability for property damage caused, in whole or in part, by Integrated's acts or omissions or the acts or omissions of those acting on behalf of Integrated in the performance of Integrated's operations for Davis under the Integrated Subcontract, and (iv) the Ohio Policies afford primary additional insured coverage to Davis in connection with the Underlying Action and the Underlying Arbitration and that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Ohio Policies.

WHEREFORE, Hartford Fire Insurance Company respectfully requests that this Court enter its Order granting judgment in its favor and against Ohio Security Insurance Company, as follows:

    a.  Declaring that Davis is an additional insured under the Ohio Policies with respect to the Underlying Action and the Underlying Arbitration; and

b. Declaring that the Ohio Policies afford primary and non-contributory additional insured coverage to Davis in connection with the Underlying Action and the Underlying Arbitration; and

c. Declaring that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Ohio Policies; and

d. Declaring that Ohio is obligated to

    i.  defend Davis in the Underlying Action and the Underlying Arbitration; and

    ii. indemnify Davis in the Underlying Action and the Underlying Arbitration for liability for property damage caused, in whole or in part, by Integrated's acts or omissions or the acts or omissions of those acting on behalf of Integrated in the performance of Integrated's operations for Davis under the Integrated Subcontract; and

e.  Granting such other and further relief as this Honorable Court deems just and proper.

### FOURTH CAUSE OF ACTION
#### (Against Ohio)

88.   Hartford incorporates by reference and repeats and realleges the allegations contained in Paragraphs 1 through 87 of the Complaint as if fully set forth herein.

89.   Hartford seeks to recover from Ohio all costs that Hartford has incurred and may continue to incur in connection with its defense of Davis in the Underlying Action and the Underlying Arbitration.

90.   Ohio has wrongfully failed to honor and fulfill its obligation to defend Davis in the Underlying Action and the Underlying Arbitration and has failed and/or refused to

contribute, reimburse and/or indemnify Hartford for amounts paid or to be paid by Hartford in connection with the defense of Davis in the Underlying Action and the Underlying Arbitration.

91.     As a result of the foregoing, Hartford has been damaged and is entitled to judgment against Ohio for all defense costs incurred by Hartford on behalf of Davis in connection with the Underlying Action and the Underlying Arbitration.

WHEREFORE, Hartford Fire Insurance Company respectfully requests that this Court enter its Order granting and against Ohio Security Insurance Company, as follows:

a.  Declaring that Davis is an additional insured under the Ohio Policies with respect to the Underlying Action and the Underlying Arbitration; and

b.  Declaring that the Ohio Policies afford primary and non-contributory additional insured coverage to Davis in connection with the Underlying Action and the Underlying Arbitration; and

c.  Declaring that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Ohio Policies; and

d.  Declaring that Ohio is obligated to contribute, reimburse and/or indemnify Hartford for amounts paid or to be paid by Hartford in connection with the defense of Davis in the Underlying Action and the Underlying Arbitration; and

e.   Granting such other and further relief as this Honorable Court deems just and proper.

## FIFTH CAUSE OF ACTION
### (Against Erie)

92.     Hartford incorporates by reference and repeats and realleges the allegations contained in Paragraphs 1 through 91 of the Complaint as if fully set forth herein.

93.     Hartford seeks a declaratory judgment to resolve the parties' dispute concerning the insurance coverage available to Davis under the Erie Policies in connection with the Underlying Action and the Underlying Arbitration.

94.     The Erie policies afford additional insured coverage to Davis for liability for property damage caused, in whole or in part, by Custom Glass's acts or omissions or the acts or omissions of those acting on behalf of Custom Glass, in performing operations for Davis.

95.     The Erie Policies afford primary and non-contributory additional insured coverage to Davis pursuant to the terms and provisions of the Custom Glass Subcontract.

96.     The additional insured coverage afforded to Davis under the Erie Policies is primary to any insurance coverage that otherwise might be available to Davis under the Hartford Policies.

97.     Davis is entitled to defense and indemnification from Erie in connection with the Underlying Action and the Underlying Arbitration.

98.     Hartford tendered the defense and indemnification of Davis in the Underlying Action to Erie.

99.     Erie has not agreed to defend or indemnify Davis in the Underlying Action or the Underlying Arbitration.

100.    As a result of Erie's breach of its policy obligations, Hartford has been defending Davis in the Underlying Action and the Underlying Arbitration and expending sums in the furtherance of such defense.

101.    Thus, an actual case or controversy exists between Hartford and Erie concerning Erie's duty to defend and indemnify Davis as an additional insured under the Erie Policies in connection with the Underlying Action and the Underlying Arbitration.

102.    The issuance of declaratory relief by this Court will terminate this existing controversy between the parties.

103.    By reason of the foregoing, Hartford is entitled to a judgment declaring that (i) Davis is an additional insured under the Erie Policies with respect to the Underlying Action and the Underlying Arbitration, (ii) Erie is obligated to defend Davis in the Underlying Action and the Underlying Arbitration, (iii) Erie is obligated to indemnify Davis in the Underlying Action and the Underlying Arbitration for liability for property damage caused, in whole or in part, by Custom Glass's acts or omissions or the acts or omissions of those acting on behalf of Custom Glass, in performing operations for Davis, and (iv) the Erie Policies afford primary additional insured coverage to Davis in connection with the Underlying Action and the Underlying Arbitration and that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Erie Policies.

WHEREFORE, Hartford Fire Insurance Company respectfully requests that this Court enter its Order granting judgment in its favor and against Erie Insurance Exchange, as follows:

    a.  Declaring that Davis is an additional insured under the Erie Policies with respect to the Underlying Action and the Underlying Arbitration;

    b.  Declaring that the Erie Policies afford primary and non-contributory additional insured coverage to Davis in connection with the Underlying Action and the Underlying Arbitration; and

    c.  Declaring that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Erie Policies; and

    d.  Declaring that Erie is obligated to:

      i.    defend Davis in the Underlying Action and the Underlying Arbitration; and

     ii.    indemnify Davis in the Underlying Action and the Underlying Arbitration for liability for property damage caused, in whole or in part, by Custom Glass's acts or omissions or the acts or omissions of those acting on behalf of Custom Glass, in performing operations for Davis; and

e.   Granting such other and further relief as this Honorable Court deems just and proper.

### <u>SIXTH CAUSE OF ACTION</u>
#### <u>(Against Erie)</u>

104.    Hartford incorporates by reference and repeats and realleges the allegations contained in Paragraphs 1 through 103 of the Complaint as if fully set forth herein.

105.    Hartford seeks to recover from Erie all costs that Hartford has incurred and may continue to incur in connection with its defense of Davis in the Underlying Action and the Underlying Arbitration.

106.    Erie has wrongfully failed to honor and fulfill its obligation to defend Davis in the Underlying Action and the Underlying Arbitration and has failed and/or refused to contribute, reimburse and/or indemnify Hartford for amounts paid or to be paid by Hartford in connection with the defense of Davis in the Underlying Action and the Underlying Arbitration.

107.    As a result of the foregoing, Hartford has been damaged and is entitled to judgment against Erie for all defense costs incurred by Hartford on behalf of Davis in connection with the Underlying Action and the Underlying Arbitration.

WHEREFORE, Hartford Fire Insurance Company respectfully requests that this Court enter judgment in its favor and against Erie, as follows:

a.  Declaring that Davis is an additional insured under the Westfield Policies with respect to the Underlying Action and the Underlying Arbitration; and

b.  Declaring that the Erie Policies afford primary and non-contributory additional insured coverage to Davis in connection with the Underlying Action and the Underlying Arbitration; and

c.  Declaring that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Erie Policies; and

d.  Declaring that Erie is obligated to contribute, reimburse and/or indemnify Hartford for amounts paid or to be paid by Hartford in connection with the defense of Davis in the Underlying Action and the Underlying Arbitration; and

e.  Granting such other and further relief as this Honorable Court deems just and proper.

### SEVENTH CAUSE OF ACTION
### (Against Valley Forge)

108.   Hartford incorporates by reference and repeats and realleges the allegations contained in Paragraphs 1 through 107 of the Complaint as if fully set forth herein.

109.   Hartford seeks a declaratory judgment to resolve the parties' dispute concerning the insurance coverage available to Davis under the Valley Forge Policies in connection with the Underlying Action and the Underlying Arbitration.

110.   The Valley Forge Policies afford additional insured coverage for products/completed operations liability for property damaged caused, in whole or in part, by Hardesty's work performed for Davis and included in the products-completed operations hazard.

111.   The Valley Forge Policies afford primary and non-contributory additional insured coverage to Davis pursuant to the terms and provisions of the Hardesty Subcontract.

112.    The additional insured coverage afforded to Davis under the Valley Forge Policies is primary to any insurance coverage that otherwise might be available to Davis under the Hartford Policies.

113.    Davis is entitled to defense and indemnification from Valley Forge in connection with the Underlying Action and the Underlying Arbitration.

114.    Hartford tendered the defense and indemnification of Davis in the Underlying Action to Valley Forge.

115.    Valley Forge has not agreed to defend or indemnify Davis in the Underlying Action or the Underlying Arbitration.

116.    As a result of Valley Forge's breach of its policy obligations, Hartford has been defending Davis in the Underlying Action and the Underlying Arbitration and expending sums in the furtherance of such defense.

117.    Thus, an actual case or controversy exists between Hartford and Valley Forge concerning Valley Forge's duty to defend and indemnify Davis as an additional insured under the Valley Forge Policies in connection with the Underlying Action and the Underlying Arbitration.

118.    The issuance of declaratory relief by this Court will terminate this existing controversy between the parties.

119.    By reason of the foregoing, Hartford is entitled to a judgment declaring that (i) Davis is an additional insured under the Valley Forge Policies with respect to the Underlying Action and the Underlying Arbitration, (ii) Valley Forge is obligated to defend Davis in the Underlying Action and the Underlying Arbitration, (iii) Valley Forge is obligated to indemnify Davis in the Underlying Action and the Underlying Arbitration for products/completed

operations liability for property damaged caused, in whole or in part, by Hardesty's work performed for Davis and included in the products-completed operations hazard, and (iv) the Valley Forge Policies afford primary additional insured coverage to Davis in connection with the Underlying Action and the Underlying Arbitration and that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Valley Forge Policies.

WHEREFORE, Hartford Fire Insurance Company respectfully requests that this Court enter its Order granting judgment in its favor and against Valley Forge Insurance Company, as follows:

a. Declaring that Davis is an additional insured under the Valley Forge Policies with respect to the Underlying Action and the Underlying Arbitration; and

b. Declaring that the Valley Forge Policies afford primary and non-contributory additional insured coverage to Davis in connection with the Underlying Action and the Underlying Arbitration; and

c. Declaring that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Valley Forge Policies; and

d. Declaring that Valley Forge is obligated to:

   i. defend Davis in the Underlying Action and the Underlying Arbitration; and

   ii. indemnify Davis in the Underlying Action and the Underlying Arbitration for products/completed operations liability for property damaged caused, in whole or in part, by Hardesty's work performed for Davis and included in the products-completed operations hazard.

e.   Granting such other and further relief as this Honorable Court deems just and

proper.

## EIGHTH CAUSE OF ACTION
### (Against Valley Forge)

120.    Hartford incorporates by reference and repeats and realleges the allegations

contained in Paragraphs 1 through 119 of the Complaint as if fully set forth herein.

121.    Hartford seeks to recover from Valley Forge all costs that Hartford has incurred

and may continue to incur in connection with its defense of Davis in the Underlying Action and

the Underlying Arbitration.

122.    Valley Forge has wrongfully failed to honor and fulfill its obligation to defend

Davis in the Underlying Action and the Underlying Arbitration and has failed and/or refused to

contribute, reimburse and/or indemnify Hartford for amounts paid or to be paid by Hartford in

connection with the defense of Davis in the Underlying Action and the Underlying Arbitration.

123.    As a result of the foregoing, Hartford has been damaged and is entitled to

judgment against Valley Forge for all defense costs incurred by Hartford on behalf of Davis in

connection with the Underlying Action and the Underlying Arbitration.

WHEREFORE, Hartford Fire Insurance Company respectfully requests that the Court enter its

Order granting judgment in its favor and against Valley Forge Insurance Company, as follows:

a.   Declaring that Davis is an additional insured under the Westfield Policies with

respect to the Underlying Action and the Underlying Arbitration; and

b.   Declaring that the Valley Forge Policies afford primary and non-contributory

additional insured coverage to Davis in connection with the Underlying Action

and the Underlying Arbitration; and

26

    c.   Declaring that any coverage otherwise afforded under the Hartford Policies is excess to the coverage provided by the Valley Forge Policies; and

    d.   Declaring that Valley Forge is obligated to contribute, reimburse and/or indemnify Hartford for amounts paid or to be paid by Hartford in connection with the defense of Davis in the Underlying Action and the Underlying Arbitration; and

    e.   Granting such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

MENZ BONNER KOMAR & KOENIGSBERG LLP

By: _____/s/Michael S. Komar_____
          Michael S. Komar (admitted *pro hac vice*)
          mkomar@mbkklaw.com
          Melissa K. Driscoll (admitted *pro hac vice*)
          mdriscoll@mbkklaw.com
          One North Lexington Avenue, Suite 1550
          White Plains, New York, 10601
          Telephone:  (914) 949-0222
          Facsimile: (914) 997-4117

Co-Counsel,

LERCH, EARLY & BREWER, CHARTERED
Lauri E. Cleary, Bar # 410975
lecleary@lerchearly.com
Ashley A. Norton, Bar # 1028872
aanorton@lerchearly.com
7600 Wisconsin Ave, Suite 700
Bethesda, Maryland 20814
Telephone:  (301) 657-0176
Facsimile:  (301) 347-1792

*Counsel for Plaintiff Hartford Fire Insurance Company*

Dated:  September 12, 2022

## DEMAND FOR JURY TRIAL

Plaintiff Hartford Fire Insurance Company hereby demands a trial by jury of any and all issues so triable.

_/s/ Michael S. Komar_
Michael S. Komar (admitted _pro hac vice_)
